UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARGUERITE WOODY,** individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **COTTAGES ON MOUNTAIN CREEK, LLC, CREEKSIDE SERVICES, LLC, BRIGHT PATH GPS, LLC, and CAROL JANE REYNOLDS,** <br><br> Defendants. | Case No.: <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, MARGUERITE WOODY (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, BROWN, LLC and THE ORLANDO FIRM, P.C., hereby brings this Collective Action Complaint against Defendant COTTAGES ON MOUNTAIN CREEK, LLC ("Defendant Cottages"), Defendant CREEKSIDE SERVICES, LLC ("Defendant Creekside"), Defendant BRIGHT PATH GPS, LLC ("Defendant Bright Path"), and Defendant CAROL JANE REYNOLDS ("Defendant Reynolds") (collectively, "Defendants"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons employed by Defendant Cottages, Defendant Creekside and Defendant Reynolds arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendants jointly operate assisted living homes that provide 24-hour residential support for individuals recovering from the effects of mental health issues, as well as other addiction disorders.

3. Defendants maintained a common policy of failing to pay Certified Nursing Assistants ("CNAs") at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

4. To the extent Defendants paid CNAs for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay they received for non-overtime hours.

5. This violation is commonly known as a straight time for overtime violation.

6. Plaintiff asserts the foregoing FLSA claim not only individually, but also on a representative basis pursuant to 29 U.S.C. § 216(b) behalf of a putative "FLSA Collective defined as:

*Any employee and/or independent contractor who worked for the Defendants as a Certified Nursing Assistant ("CNA") at any time within the 3 years preceding the filing of this action and the date of judgment.*

7. Plaintiff seeks judgment against Defendants for actual and liquidated damages on behalf of herself and the putative FLSA Collective, plus costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

9. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

10. This Court may properly maintain personal jurisdiction over Defendants because Defendants reside this state and because Plaintiff's claims arise from Defendants' contacts with this state.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

12. Plaintiff Marguerite Woody is an adult resident of Stockbridge, Georgia.

3

13. Defendants employed Plaintiff Marguerite Woody in the position of Certified Nursing Assistant ("CNA") from approximately July 2010 to approximately November 2021.

14. Defendants maintain eight (8) buildings including administrative office(s), independent living homes, recreational activity building(s), as well as assisted living quarters on its campus.[1]

15. During her tenure, Plaintiff worked in Defendants 24/7 assisted living home located at 5815 Mountain Creek Road NE, Atlanta, GA 30328.

16. Plaintiff received her paystubs from Cottages on Mountain Creek, LLC and Creekside Services, LLC.

17. Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

18. Defendant Cottages is an assisted living services provider assisting clients who are recovering from the effects of mental health issues, as well as co-occurring addition disorders.

---

[1] Defendants maintain buildings engaged to its common enterprise located at the following addresses: (1) 347 Carpenter Drive NE, Atlanta, GA 30328; (2) 5800 Mountain Creek Road NE, Atlanta, GA 30328; (3) 5790 Mountain Creek Road NE, Atlanta, GA 30328; (4) 5760 Mountain Creek Road NE, Atlanta, GA 30328; (5) 5815 Mountain Creek Road NE, Atlanta, GA 30328; (6) 5785 Mountain Creek Road NE, Atlanta, GA 30328; (7) 5775 Mountain Creek Road NE, Atlanta, GA 30328; and (8) 5765 Mountain Creek Road NE, Atlanta, GA 30328.

19. Defendant Bright Path provides in-patient and out-patient programming designed for young adults and seniors living with mental health issues and/or suffering with addiction.

20. Defendant Creekside provides overnight mental health services for the residents of Defendant Bright Path and Defendant Cottages.

21. Defendant Cottages, Defendant Creekside, and Defendant Bright Path are a "private employer" and covered by the FLSA.

22. At all relevant times, Defendants were an employer of Plaintiff and other putative FLSA Collective members.

23. Defendant Cottages maintains a headquarters and principal business office located at 5800 Mountain Creek Road NE, Atlanta, GA 30328.

24. Defendant Creekside maintains a headquarters and principal business office located at 5800 Mountain Creek Road NE, Atlanta, GA 30328.

25. Defendant Bright Path maintains a headquarters and principal business office located at 5800 Mountain Creek Road NE, Atlanta, GA 30328.

26. Defendant Reynolds is the owner and Chief Financial Officer ("CFO") of Defendant Cottages.

27. Defendant Reynolds is the owner and Chief Executive Officer ("CEO") of Defendant Creekside.

28. Defendant Reynolds is the owner of Defendant Bright Path.

29. Defendant Reynolds is a citizen of the United States and maintains a residence located at 1851 Bill Murdock Road, Marietta, GA 30062.

30. Defendant Reynolds has directed employment practices of Defendant Cottages.

31. Defendant Reynolds has directed employment practices of Defendant Creekside.

32. Defendant Reynolds has directed employment practices of Defendant Bright Path.

33. Defendant Reynolds has directly or indirectly acted in the interest of Defendant Cottages in relation to its employees at all times relevant herein.

34. Defendant Reynolds has directly or indirectly acted in the interest of Defendant Creekside in relation to its employees at all times relevant herein.

35. Defendant Reynolds has directly or indirectly acted in the interest of Defendant Bright Path in relation to its employees at all times relevant herein.

36. Defendant Reynolds has directly or indirectly acted in the hiring and firing employees of Defendant Cottages.

37. Defendant Reynolds has directly or indirectly acted in the hiring and firing employees of Defendant Creekside.

38. Defendant Reynolds has directly or indirectly acted in the hiring and firing employees of Defendant Bright Path.

39. Defendant Reynolds has directly or indirectly acted in relation to setting employees' conditions of employment at Defendant Cottages.

40. Defendant Reynolds has directly or indirectly acted in relation to setting employees' conditions of employment at Defendant Creekside.

41. Defendant Reynolds has directly or indirectly acted in relation to setting employees' conditions of employment at Defendant Bright Path.

42. Defendant Reynolds has directly or indirectly acted in relation to setting employees' schedules at Defendant Cottages.

43. Defendant Reynolds has directly or indirectly acted in relation to setting employees' schedules at Defendant Creekside.

44. Defendant Reynolds has directly or indirectly acted in relation to setting employees' schedules at Defendant Bright Path.

45. Defendant Reynolds has directly or indirectly acted in relation to setting employees' rates and methods of compensation at Defendant Cottages.

46. Defendant Reynolds has directly or indirectly acted in relation to setting employees' rates and methods of compensation at Defendant Creekside.

47. Defendant Reynolds has directly or indirectly acted in relation to setting employees' rates and methods of compensation at Defendant Bright Side.

48. Defendant Reynolds has directly or indirectly acted in relation to distributing payroll at Defendant Cottages.

49. Defendant Reynolds has directly or indirectly acted in relation to distributing payroll at Defendant Creekside.

50. Defendant Reynolds has directly or indirectly acted in relation to distributing payroll at Defendant Bright Side.

51. Defendant Reynolds has directly or indirectly acted in supervising employees day-to-day at Defendant Cottages.

52. Defendant Reynolds has directly or indirectly acted in supervising employees day-to-day at Defendant Creekside.

53. Defendant Reynolds has directly or indirectly acted in supervising employees day-to-day at Defendant Bright Side.

54. At all relevant times, Defendants were an enterprise engaged in interstate commerce.

55. At all relevant times, Defendants' annual gross revenue exceeded $500,000.00.

56. At all relevant times, Defendants employed individuals who directly engaged in interstate commerce or have worked with products that have moved in interstate commerce.

## FACTUAL ALLEGATIONS

57. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

58. At all relevant times, Defendants have and continue to jointly operate an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

59. Defendants are an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

60. By way of example, CNAs handle goods, materials, and medications that had traveled in and are produced for interstate commerce.

61. Additionally, Defendants have had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

62. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

63. Defendants operate assisted living homes that provide care for individuals recovering from the effects of mental health issues, as well as co-occurring addiction disorders.

64. Defendants are engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution. *See* 29 U.S.C. § 203(s)(B).

65. Defendants assisted living homes provide 24-hour residential support.

66. Defendants provide its clients in-home healthcare services by providing CNAs to perform life-services including, *inter alia*, cooking, cleaning, bathing, administering medication, and transporting residents to various activities (e.g., doctor appointments, group activities, shopping, gym, etc.).

67. At all times material hereto, CNAs were hourly-paid employees and/or independent contractors of Defendants.

68. Defendants substantially controlled the manner CNAs were expected to adhere with respect to performing the necessary functions of their jobs.

69. Defendants provided CNAs with the tools and/or equipment to perform the necessary functions of their job.

70. Defendants' employment of CNAs was indefinite, with no foreseeable expiration of the working relationship.

71. Work performed by CNAs' was integral to Defendants business, in that it directly impacted Defendants ability to generate income.

72. Defendants promulgated work rules, policies and procedures that applied to CNAs, and Defendants had the authority to discipline CNAs for any violation thereof.

73. Defendants recorded and maintained records of the work CNAs performed at its place of business located at 5800 Mountain Creek Road NE, Atlanta, GA 30062.

74. Defendants supervised work performed by CNAs, set CNAs' schedules, and determined the hours that CNAs worked.

75. Defendants had the authority to terminate their working relationship with CNAs at any time.

76. Defendants classified CNAs as independent contractors.

77. Defendants misclassified CNAs as independent contractors.

78. Defendants' CNAs routinely worked over forty (40) hours per week.

79. Defendants maintained a common policy of failing to pay CNAs at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

80. To the extent Defendants paid CNAs for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay they received for non-overtime hours.

81. Thus, Defendants paid its CNAs straight time for overtime.

82. At all times material hereto, Plaintiff was compensated on an hourly basis.

83. Plaintiff routinely worked over forty (40) hours per week.

84. Plaintiff routinely worked approximately one hundred and ten (110) to one hundred and sixty (160) hours bi-weekly.

85. However, Plaintiff did not receive overtime compensation for the hours worked in excess of forty (40) per week.

86. Rather, to the extent Defendants paid Plaintiff for hours worked in excess of forty (40) in a workweek, such pay was at the same rate of pay she received for non-overtime hours.

87. From approximately July 2010 to approximately November 2021, Plaintiff was not paid overtime compensation at a rate of 1.5 times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

88. Accordingly, Defendants' CNAs were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, but did not.

89. Defendants knew and/or recklessly disregarded that their CNAs were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of

pay for all hours worked over forty (40) in a workweek, and that they were not receiving such compensation.

## FLSA COLLECTIVE ALLEGATIONS

90. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

91. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former CNAs of Defendants.

92. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated who worked for Defendants in the position of CNA at any time within three (3) years preceding the filing of this action and the date of judgment. Plaintiff contends that she and FLSA Collective Members were denied compensation and overtime compensation due to Defendants' policy and practice of failing to pay CNAs at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek.

93. Plaintiff estimates that there are in excess of twenty (20) putative FLSA Collective Members or persons in positions with substantially similar job duties who are either working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of

forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. FLSA Collective Members may be informed of the pendency of this Collective Action by direct mail, e-mail, text message, and/or publication.

94. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Collective Members are similarly-situated. Plaintiff and the FLSA Collective members were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' policy of failing to CNAs at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, had the same or similar job classifications and job duties, and were subject to the same uniform policies and practices.

95. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(h), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

96. Plaintiff asserts claims for the foregoing FLSA violations not only individually, but also on behalf of a putative FLSA Collective defined as:

> *Any employee and/or independent contractor who worked for Defendants as a Certified Nursing Assistant ("CNA") at any time*

*within the three (3) years preceding the filing of this action and the date of judgment.*

97. As a result of Defendants' common policies and practices, Defendants failed to pay members of the putative FLSA Collective, including Plaintiff, the federally mandated overtime rate of 1.5 times their regular rate for all hours worked over forty (40) in a workweek.

**COUNT I**
**29 U.S.C. § 207(a)(1)**
**FAILURE TO PAY OVERTIME**
(*Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b)*)

98. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

99. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

100. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

101. In most workweeks, Plaintiff and the FLSA Collective Members worked over forty (40) hours.

102. Plaintiff and the FLSA Collective Members did not receive any form of premium overtime compensation for hours worked in excess of forty (40) in a workweek.

103. For example, Plaintiff worked over forty (40) hours in a workweek during the pay period of January 11, 2021 through January 25, 2021, and was not paid overtime at one-and-one-half times her regular rate of compensation.

104. In workweeks in which Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours, Defendants failed to compensate them at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

105. Defendants knew or acted with reckless disregard as to whether putative FLSA Collective Members' were entitled to overtime compensation for hours worked in excess of forty (40) in a workweek, and Defendants were on notice of the FLSA's requirements at all relevant times.

106. Accordingly, Defendants' conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective Members, respectfully requests that this Court grant the following relief against Defendants:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

B.  Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonable calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

C.  Designating Plaintiff as the representative of the FLSA Collective Members and undersigned counsel for the same;

D.  Finding that Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

E.  Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective the full amount of compensatory damages and liquidated damages available by law;

F.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

G.  Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective Members in this action;

H.  Awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective Members on these damages; and

I.  Awarding such other and further relief as this Court deems appropriate.

# JURY DEMAND

Plaintiff Marguerite Woody, individually and on behalf of all other FLSA Collective Members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

DATED: May 23, 22     By:     */s/* Roger Orlando
                              Roger Orlando
                              **THE ORLANDO FIRM, P.C.**
                              315 West Ponce De Leon Ave, Suite 400, Decatur, Georgia 30030
                              (973) 898-0404
                              roger@orlandofirm.com

                              *Local Counsel for Plaintiff*

                              Edmund C. Celiesius (*to file pro hac vice*)
                              Nicholas Conlon (*to file pro hac vice*)
                              **BROWN, LLC**
                              111 Town Square Pl, Suite 400
                              T: (877) 561-0000
                              F: (855) 582-5297
                              ed.celiesius@jtblawgroup.com
                              nicholasconlon@jtblawgroup.com

                              *Lead Counsel for Plaintiff*