IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARGUERITE WOODY, individually, | : | |
| and on behalf of all others, | : | |
| similarly situated, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION FILE NO. |
|    vs. | : | |
| | : | 1:22 - cv - 02047 - MHC |
| COTTAGES ON MOUNTAIN CREEK, | : | |
| LLC; CREEKSIDE SERVICES, LLC; | : | |
| BRIGHT PATH GPS, LLC, and CAROL | : | |
| JANE REYNOLDS | : | |
|     Defendants. | : | |

ANSWER, DEFENSES, AND COUNTERCLAIM OF
COTTAGES ON MOUNTAIN CREEK, LLC; CREEKSIDE SERVICES, LLC;
BRIGHT PATH GPS, LLC, AND CAROL JANE REYNOLDS
TO PLAINTIFF'S COMPLAINT

COME NOW Cottages on Mountain Creek, LLC; Creekside Services, LLC;

Bright Path GPS, LLC, and Carol Jane Reynolds, Defendants in the above-styled

civil action, and timely file their Answer, Defenses, and Counterclaim in response to

Plaintiff's Complaint, respectfully showing this Honorable Court as follows:

First Affirmative Defense

The Complaint and all subparts fail to state a claim upon which relief may be

granted.

## Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Specifically, Plaintiff's claims are barred because such claims were not filed withing two years of the time her cause of action accrued as required under 29 U.S.C. 255(a). Plaintiff's claims are barred in whole or in part by the applicable statute of limitations. Specifically, Plaintiff's claims are barred because such claims were not filed within three years of the time her cause of action accrued as required under 29 U.S.C. 255(a).

## Third Affirmative Defense

Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA).

## Fourth Affirmative Defense

At all times, Defendants acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

## Fifth Affirmative Defense

Defendants did not know or show reckless disregard for whether its conduct

was prohibited by the FLSA.

## Sixth Affirmative Defense

This action is barred to the extent Plaintiff's seeks recovery for time that is not compensable time, i.e., "hours worked" under the FLSA and the regulations promulgated thereunder.

## Seventh Affirmative Defense

In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiffs was not engaged to work.

## Eighth Affirmative Defense

To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Georgia and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants and to the Constitution of the United States and/or the laws of the State of Georgia.

## Ninth Affirmative Defense

Plaintiff is not entitled to punitive/liquidated damages as Defendants did not

act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

## Tenth Affirmative Defense

Plaintiff's actions are barred because she seeks to recover for time that is diminimus work time and thus not compensable under the FLSA.

## Eleventh Affirmative Defense

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

## Twelfth Affirmative Defense

Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any workweek (as Plaintiff reported her time worked) at a rate not less than that set forth by the provisions of the FLSA.

## Thirteenth Affirmative Defense

At all relevant times, Plaintiff earned more than the federal minimum wage for each hour she worked.

## Fourteenth Affirmative Defense

Plaintiff's claims for overtime wages are barred to the extent she did not work

more than 40 hours in any given work week.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred because at all relevant times, she was an independent contractor of Defendants, not an employee, and therefore, she is not entitled to the minimum wage and overtime benefits/protections afforded by the Fair Labor Standards Act.

## Sixteenth Affirmative Defense

Plaintiff's claims are barred because she was a professional exempt from the payment of the minimum wage and/or overtime wages. Plaintiff's claims are barred because she performed administrative duties, exempt from the payment of the minimum and/or overtime wages.

## Seventeenth Affirmative Defense

Plaintiff was not Defendants' "employee" as defined under the Fair Labor Standards Act.

## Eighteenth Affirmative Defense

Plaintiff's claims are barred because Defendants were not Plaintiff's "employer" as defined by the Fair Labor Standards Act.

## Nineteenth Affirmative Defense

Plaintiff's claims are barred because Defendants are not subject to the requirements or obligations of the Fair Labor Standards Act.

## Twentieth Affirmative Defense

Plaintiff's claims are barred against Defendants because she was not an employee engaged in commerce or in the production of goods for commerce.

## Twenty-First Affirmative Defense

To the extent it is judicially determined that Plaintiff was an employee of Defendants (which Defendants denies), Plaintiff's claims are barred by the provisions of Section 4 of the Portal-2-Portal Act, 29 U.S.C. § 254, as to all hours she claims to have worked where she engaged in activities which were preliminary and postliminary to their principal activities.

## Twenty-Second Affirmative Defense

Without assuming the burden of proof, Defendants complied with all record keeping requirements of the FLSA.

<u>Twenty-Third Affirmative Defense</u>

The Plaintiff's claims are estopped by the submission of their own time records, for which Defendants compensated Plaintiff for all time worked and claimed.

<u>Twenty-Fourth Affirmative Defense</u>

The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

<u>Twenty-Fifth Affirmative Defense</u>

Plaintiff's claims are barred by the doctrines of waiver, estoppel and equitable estoppel, laches, unclean hands, illegality, payment. Specifically, Plaintiff deliberately misreported her working hours in order to receive pay to which she was not entitled.

<u>Twenty-Sixth Affirmative Defense</u>

Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement, and/or payment and release.

## Twenty-Seventh Affirmative Defense

Plaintiff has failed to exhaust administrative remedies.

## Twenty-Eighth Affirmative Defense

Defendants' actions were in good faith conformity with and/or reliance on the administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

## Twenty-Ninth Affirmative Defense

All actions taken by Defendants with respect to Plaintiff was supported by legitimate business reasons.

## Thirtieth Affirmative Defense

Plaintiff's claims are barred by the doctrine of fraud. Plaintiff deliberately over-reported hours of worked at Defendants' establishments in excess of that actually worked in order to deceive Defendants.  Further, Plaintiff misrepresented to Defendants that Plaintiff had or would be obtaining her CNA for purposes of carrying out her job functions and responsibilities. At the time she made the aforesaid misrepresentation, Plaintiff knew it to be false and made it for purposes of deceiving Defendants into paying her more money than she would otherwise have

been entitled to receive. As a direct and proximate result of Plaintiff's deliberate misrepresentations, Defendants have been damaged in an amount to be established at the trial of this case. Defendants are also entitled to recover punitive damages from Plaintiff as a result of Plaintiff's actual and deliberate fraud to the maximum extent permitted by law. Defendants also hereby assert the foregoing Affirmative Defense as a Counterclaim against Plaintiff as authorized by law.

### Thirty-First Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment.

### Thirty-Second Affirmative Defense

Plaintiff lacks standing to pursue this action in that any money allegedly owed to her in this matter constitutes proceeds rightfully owed to the Internal Revenue Service, the Georgia Department of Revenue, and the Georgia Department of Labor.

### Thirty-Third Affirmative Defense

Plaintiff's claims under the FLSA are barred to the extent that Plaintiff has submitted false or inaccurate time records or records of her hours worked to

Defendants.

Thirty-Fourth Affirmative Defense

To the extent Defendants are ultimately found liable to Plaintiff for unpaid wages, Defendants are entitled to certain exclusions, or setoffs, or recoupment, including money which belonged to Defendants, but which Plaintiff was permitted to keep.

Thirty-Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of equitable estoppel in that Plaintiff deliberately concealed and under-reported hours worked without the knowledge or approval of Defendants.

Thirty-Sixth Affirmative Defense

Plaintiff's Complaint is barred under the doctrine of avoidable consequences. Plaintiff failed to mitigate any harm by complying with Defendants' pay practices, policies, and by reporting to Defendants any FLSA violations.

Thirty-Seventh Affirmative Defense

The Complaint is barred pursuant to the doctrines enunciated in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1988); and Faragher v. City of Boca Raton,

524 U.S. 775 (1998).

<u>Thirty-Eighth Affirmative Defense</u>

Any damages purportedly suffered by Plaintiff are as a result of her own deliberate inaction and/or negligence, or the conduct of third parties beyond this Defendants' control.

<u>Thirty-Ninth Affirmative Defense</u>

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

<u>Fortieth Affirmative Defense</u>

Plaintiff cannot establish that any act or omission on the part of Defendants was willful under the Fair Labor Standards Act.

<u>Forty-First Affirmative Defense</u>

Plaintiff's claims under the Fair Labor Standards Act are barred to the extent that Plaintiff has submitted false or inaccurate time records.

<u>Forty-Second Affirmative Defense</u>

Any recovery by Plaintiff should be limited to the extent that Plaintiff has failed to mitigate any available damages as alleged or sought in the Complaint.

## Forty-Third Affirmative Defense

The Complaint is barred in that Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by this Defendants to avoid damage or harm.

## Forty-Fourth Affirmative Defense

The Complaint is barred in that Plaintiff unreasonably failed to take advantage of reporting procedures outlined in Defendants' policies.

## Forty-Fifth Affirmative Defense

At all relevant times, Defendants acted in good faith reliance upon its interpretation of the Fair Labor Standards Act, in its administrative regulations and the rulings of the Wage and Hour Administrator.

## Forty-Sixth Affirmative Defense

Plaintiff is not covered by the Fair Labor Standards Act or the regulations promulgated thereunder.

## Forty-Seventh Affirmative Defense

Alternatively, Plaintiff is exempt from the requirements of the Fair Labor Standards Act, and the regulations promulgated thereunder.

## Forty Eighth Affirmative Defense

At all relevant times, Defendants complied with the applicable requirements of the Fair Labor Standards Act, and the regulations promulgated thereunder.

## Forty-Ninth Affirmative Defense

At all relevant times, Defendants acted towards Plaintiff in a manner which was legitimate, in good faith, non-willful, and non-malicious.

## Fiftieth Affirmative Defense

Any proven violation of the Fair Labor Standards Act was not the result of willful, deliberate, intentional acts with a reckless disregard or indifference for the protections afforded by those Acts.

## Fifty-First Affirmative Defense

All or part of the time for which Plaintiff seeks compensation does not constitute compensable working time under the Fair Labor Standards Act, and the regulations promulgated thereunder.

## Fifty-Second Affirmative Defense

The services for which Plaintiff seeks overtime compensation was secondary or incidental to her primary job functions.

## Fifty-Third Affirmative Defense

Responding to the specifically numbered paragraphs of the Complaint, and without waiving their affirmative defenses, Defendants show as follows:

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.       Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.       Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore must and do deny the same.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore must and do deny the same.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants incorporate and reallege Paragraphs 1- 56 of their Answer as if set forth herein verbatim.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants incorporate and reallege Paragraphs 1- 89 of their Answer as if set forth herein verbatim.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants incorporate and reallege Paragraphs 1 - 97 of their Answer as if set forth herein verbatim.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

Defendants deny the unnumbered allegations following paragraph 106 of the Complaint and deny Plaintiff is entitled to any relief of any kind whatsoever. Defendants deny all other and further allegations in the Complaint not specifically

denied or otherwise specifically responded to in this Defendants' Answer.

<u>COUNTERCLAIM OF DEFENDANTS</u>

1.      Plaintiff is subject to the jurisdiction and venue of this Court or any court to which this case may be transferred as a result of her having filed the within action in this Court.

2.      At no time during which Plaintiff worked for Defendants was Plaintiff a Certified Nursing Assistant.

3.      At no time during which Plaintiff worked for Defendants did Plaintiff apply to become a Certified Nursing Assistant.

4.      During the time Plaintiff worked for Defendants, Plaintiff represented to Defendants that Plaintiff was or would be receiving her CNA.

5.      At the time she made the foregoing misrepresentations to Defendants, Plaintiff knew such misrepresentation to be false.

6.      Plaintiff made the foregoing misrepresentations for purposes of deceiving the Defendants into paying Plaintiff more money than she would otherwise have been entitled to receive.

7.      Defendants reasonably relied on Plaintiff's misrepresentations by paying

Plaintiff more money than Plaintiff otherwise would have been entitled to receive.

8.      Defendants have been damaged by Plaintiff's misrepresentations in an amount to be established at the trial of this case.

9.      Plaintiff's misrepresentations to Defendants were wanton and willful, entitling Defendants to recover punitive damages from Plaintiff in an amount to be established in the enlightened conscience of an impartial jury.

10.     Plaintiff over reported time supposedly involved in medication management; one on one care of the patient and other services, for purposes of improperly inflating her pay.  Defendant has been damaged as a result of such over-reporting in an amount to be established at the trial of this case.

11.     Plaintiff made repeated mistakes with medications for patients, putting patients and Defendants' operations at serious risk.

12.     Plaintiff put a client of Defendants at risk by watching the client leave the facility and failing to retrieve or to alert anyone that the client had left the facility.

13.     With respect to facilities managed by Defendants, Plaintiff threatened to "shoot up the houses."

14.     Defendants reported the incident to the police, constituting the second act of

serious misconduct requiring police intervention, and the police recommended Plaintiff not be permitted to work at Defendants' facilities.

15.     For purposes of injuring the Defendants, Plaintiff made and published reports regarding Defendants that she knew to be false and baseless to the State Department of Community Health and others. In one such report Plaintiff alleged that Carol Reynolds had stolen money from a Trust Fund to renovate Defendants' facilities. As Carol Reynolds was not the "trustee" of the Fund, the allegation was totally baseless, as Plaintiff knew or could have known with minimal investigation prior to the publication of such allegation.   Upon investigation by the State, the reports from Plaintiff, were determined to be false.

16.     Defendants have been damaged as a result of the false, malicious, and defamatory publications from Plaintiff to the State Department of Community Health and others, in an amount to be established at the trial of this case.

17.     Defendants are entitled to recover punitive damages from Plaintiff as a result of her willful and malicious defamatory publications in an amount to be established in the enlightened conscience of an impartial jury.

WHEREFORE, having fully answered the Complaint, Defendants

respectfully pray that the Complaint be dismissed with all costs cast on the Plaintiff. Defendants further pray for judgment pursuant to their Counterclaim and for such other and further relief, legal and equitable, including attorney's fees, as this Court may deem just and proper in these premises.

Respectfully submitted this 28th day of July, 2022.

/s/Kenneth I. Sokolov

Georgia Bar # 666460
Smith & Liss, LLC
Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
404.760-6000 Tel.
404.760.0225 Fax
ksokolov@smithliss.com
Attorneys For Defendants:
Cottages on Mountain Creek,
LLC; Creekside Services, LLC;
Bright Path GPS, LLC, and Carol
Jane Reynolds

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in Times New Roman (14 point) and fully complies with the font and point selection requirements of LR 5.1(B), NDGa.

/s/Kenneth I. Sokolov
Georgia Bar No. 666460

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of July, 2022, I electronically filed the foregoing Answer, Defenses, and Counterclaim of Cottages on Mountain Creek, LLC; Creekside Services, LLC; Bright Path GPS, LLC, and Carol Jane Reynolds To Plaintiff's Complaint with the Clerk of Court using the CM/E.C. system which will automatically send an e-mail notification of such filing to the following attorney(s) of record:

Edmund C. Celiesius, Esq. (PHV)
New Jersey Bar# 293642019
Nicholas Conlon, Esq. (Seeking PHV)
New Jersey Bar # 34052013
Brown, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
877.561.0000 Tel./ 855.582.5297 Fax
ed.celiesius@jtblawgroup.com
nicholaconlon@jtblawgroup.com
**Lead Counsel for Plaintiff**

Roger Orlando, Esq.
The Orlando Firm, P.C.
315 West Ponce de Leon Avenue
Suite 400
Decatur, Georgia 30030
973.898.0404 Tel.
Georgia Bar # 554295
roger@orlandofirm.com

**Local Counsel for Plaintiff**

Submitted this 28th day of July, 2022.

/s/Kenneth I. Sokolov, Esq.
Georgia Bar No. 666460