## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARGUERITE WOODY,** individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>**COTTAGES ON MOUNTAIN CREEK, LLC, CREEKSIDE SERVICES, LLC, BRIGHT PATH GPS, LLC, and CAROL JANE REYNOLDS,**<br><br>       Defendants. | Case No.: 22-cv-02047-MHC |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND INCORPORATED BRIEF IN SUPPORT

Plaintiff, MARGUERITE WOODY ("Plaintiff"), by and through her attorneys, hereby moves to dismiss Defendants COTTAGES ON MOUNTAIN CREEK, LLC, CREEKSIDE SERVICES, LLC, BRIGHT PATH GPS, LLC, and CAROL JANE REYNOLDS (collectively referred to as, "Defendants") Amended Counterclaims (ECF No. 32) for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support of her motion, states as follows:

1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and seeks unpaid overtime compensation and liquidated damages she alleges are owed to her for workweeks in which Defendants failed to pay overtime compensation for hours worked in excess of forty (40) in a workweek. *See* ECF No. 16, ¶¶ 1-5.

2.      In response to Plaintiff's Amended Collective Action Complaint, Defendants have asserted Amended Counterclaims for fraud and constructive fraud (Counterclaim Count I), defamation (Counterclaim Count II), negligence and gross negligence (Counterclaim Count III), tortious interference with contractual and business relations (Counterclaim Count IV), and unjust enrichment; money had and received (Counterclaim Count V). As the alleged basis for their Amended Counterclaims, Defendants allege that during her employment with Defendants, Plaintiff misled as to her qualifications, improperly inflated her pay, published defamatory reports to the State Department of Community Health, and now believe after having her employed for 11 years she they allege she did her job duties poorly. *See* ECF No. 32. These types of Counterclaims have the hallmark of a retaliatory filing when an individual asserts her rights under the FLSA.

3.     Each Count in Defendants' Amended Counterclaim fails to state a claim upon which relief can be granted in one way or another and, as such, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff respectfully requests this Court GRANT Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims for Failure to State a Claim Upon which Relief can be Granted as outlined in Plaintiff's incorporated brief in support.

Respectfully submitted,

Dated: November 17, 2022                    **BROWN, LLC**

*/s/ Edmund Celiesius*
Edmund C. Celiesius (PHV)
Nicholas Conlon (PHV)
111 Town Square Place, Suite 400
T: (877) 561-0000
F: (855) 582-5297
Ed.celiesius@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*

Roger Orlando
**THE ORLANDO FIRM, P.C.**
315 West Ponce De Leon Ave
Suite 400
Decatur, Georgia 30030
T: (973) 898-0404
roger@orlandofirm.com

*Local Counsel for Plaintiff*

## BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff, by and through her attorneys, hereby moves to dismiss Defendants' Amended Counterclaims (ECF No. 32) for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and states as follows:

## I.    STATEMENT OF FACTS

### A. Procedural Background

Plaintiff initiated this action on May 23, 2022, for violations arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (ECF No. 1). On July 28, 2022, Defendants filed their Answer including Counterclaims against Plaintiff. (ECF No. 15). On August 18, 2022, Plaintiff filed an Amended Complaint as of right, including an additional claim of retaliation under the FLSA in response to baseless and retaliatory Counterclaims. (ECF No. 16). Defendants filed their Amended Answer and Counterclaims (ECF No. 22) on August 31, 2022, then Plaintiff moved for a More Definitive Statement (ECF No. 25), which this Court granted in favor of Plaintiff on October 21, 2022. (ECF No. 30). On November 3, 2022, Defendants filed their Amended Counterclaim. (ECF No. 32).

**B. Defendants' Amended Counterclaims (ECF No. 32)**

On November 3, 2022, Defendants filed their Amended Counterclaims against Plaintiff in which Defendants allege Plaintiff is liable to them for alleged fraud and constructive fraud (Counterclaim Count I), defamation (Counterclaim Count II), negligence and gross negligence (Counterclaim Count III), tortious interference with contractual and business relations (Counterclaim Count IV), and over-billing Defendants' for Plaintiff's work; unjust enrichment; money had and received (Counterclaim Count V).

## II. __STANDARD OF REVIEW__

### A. Standard of Review Pursuant to Fed. R. Civ. P. 12(b)(6)

The court may dismiss a pleading upon a motion to dismiss when it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain factual allegations which are sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "This necessary requires that a plaintiff include factual

allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

At the motion to dismiss stage, the Court must "accept all factual allegations in the complaint as true and construe them in light most favorable to the plaintiff." *Brink v. Raymond James & Assocs., Inc.*, 892 F.3d 1142, 1144 n.1 (11th Cir. 2018). However, "[w]here there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts." *Meyn Am., LLC v. Tarheel Distributors, Inc.*, 36 F. Supp. 3d 1395, 1406 (M.D. Ga. 2014) (citing *Marshall Cnty. Bd. of Educ. V. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")). Further, the court is not required to take as true allegations made only upon information and belief. *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013). Likewise, the court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.   ARGUMENT

### A. Counterclaim Count I (Actual and Constructive Fraud) Should be Dismissed Because Defendants Fail to State a Claim for Fraud

Federal Rule of Civil Procedure 9 requires a party alleging fraud to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b); *see also WESI, LLC v. Compass Envtl., Inc.*, 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007) ("Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why, and how of the alleged fraud."). To survive a motion to dismiss, plaintiff must do more than merely state legal conclusions as it is required to allege some specific factual basis for those conclusions or face dismissal of its claims. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004); *see also Kabir v. Statebridge Co., LLC*, 2011 WL 4500050, at *6 (N.D. Ga. Sept. 27, 2011) (dismissing fraud claims under Rule 9).

Specifically, the Eleventh Circuit has held that "under Rule 9(b), the Plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Douglas v. Southstar Funding, LLC*, 2018 U.S. Dist. LEXIS 222744, at *14 (N.D. Ga. Oct. 18, 2018) (citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997).

4

In Georgia, the tort of fraud requires five elements: (1) a false representation by the defendant; (2) with scienter, or knowledge of the falsity; (3) with intent to deceive the plaintiff or to induce the plaintiff into acting or refraining from acting; (4) on which the plaintiff justifiably relied; (5) with the proximate cause of damages to the plaintiff. O.C.G.A. § 51-6-1; *Sears Mortgage Corp. v. Leeds Building Products, Inc.*, 219 Ga. App. 349, 464 S.E.2d 907 (1995).

However, "an action for fraud cannot be sustained when based upon alleged misrepresentations which are immaterial, not relied upon, or which the plaintiff in the exercise of reasonable diligence should have ascertained to be untrue." *Najem v. Classic Cadillac Atlanta Corp.*, 241 Ga. App. 661, 664, 527 S.E.2d 259, 262 (1999).[1] Further, a claim for fraud must generally be premised on false representations related to existing facts or past acts, not to future acts or promises. *Douglas v. Southstar Funding, LLC*, 2018 U.S. Dist. LEXIS 222744, at *14 (N.D. Ga. Oct. 18, 2018); *see also Equifax, Inc. v. 1600 Peachtree, LLC*, 268 Ga. App. 186, 195, 601 S.E.2d 519 (2004) ("The general rule is that actionable fraud cannot be predicated upon

---

[1] *See Synergy Worldwide, Inc. v. Long, Haymes, Carr, Inc.*, 44 F. Supp. 2d 1348, 1357 (N.D. Ga. 1998) ("There is no legal relief afforded when one 'blindly relied on the representations of (another) as to matters of which he could have informed himself.'") (quoting *First Union Nat'l Bank v. Gurley*, 208 Ga. App. 647, 649, 431 S.E.2d 379 (1993)); *see also State Farm v. Fordham*, 148 Ga. App. 48, 51, 250 S.E.2d 843 (1978) ("The law . . . demands of everyone that he make use of his own facilities to avoid being defrauded.").

promises to perform some act in the future. Nor does actionable fraud result from a mere failure to perform promises made.").

Here, Defendants contend Plaintiff made a misrepresentation eleven (11) years ago with respect to a future act that she would allegedly obtain her CNA license and never followed up on the licensure issue or addressed it until filing this Counterclaim. They claim they relied on Plaintiff's alleged representation for eleven (11) years and, as a result, overpaid Plaintiff because they thought some day she would become a CNA.

Defendants cannot establish a claim for fraud against Plaintiff based on the possibility of Plaintiff's future action. Defendants essentially allege that they relied on Plaintiff's alleged representation that she would at some later date obtain her CNA license for over a decade, and only now seek retribution after the Plaintiff is attempting to vindicate her rights due to Defendants' improper pay practices. Defendants could have easily prevented this alleged fraud by either not hiring Plaintiff until obtaining her CNA, or Defendants could have given Plaintiff a specific date upon which to obtain her CNA. Indeed, Defendants had more than eleven (11) years to confront Plaintiff with respect to her CNA license and now choose to do so in retaliatory fashion.

Additionally, Count I of Defendants' Counterclaim is devoid of any reference to when any of the alleged statements constituting fraud occurred, and merely consists of only conclusory statements without supporting facts to illustrate any alleged fraud, thereby failing to meet the pleading standard under Rule 9(b). *Jackson*, 372 F.3d at 1263 (A plaintiff must do more than merely state legal conclusions as it is required to allege some specific factual basis for those conclusions or face dismissal); *see also Graham v. Mortg. Registration Sys., Inc.*, 2012 U.S. Dist. LEXIS 20704, at *3 (N.D. Ga. Feb. 17, 2012) ("[T]o avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud.").

In *Douglas*, the Court dismissed plaintiff's fraud claim for failing to meet the pleading standards of Rule 9(b). *See* 2018 U.S. Dist. LEXIS 222744. In sum, the Court recognized that the plaintiff merely made blanket, conclusory statements that defendants at some unknown time or times lied to plaintiff, failed to state specifically what was said, why the statements were false, how plaintiff relied to her detriment, and how she was harmed. *Id.* at *15.

Here, Defendants vaguely contend Plaintiff made a misrepresentation during the course of her employment, which spanned more than eleven (11) years. Defendants fail to address when such comments were allegedly made, how it

changed her pay, if at all, what, if anything was in writing regarding this assertion, what steps, if any they took for compliance, and when this is all occurred. If this alleged representation occurred eleven (11) years ago it may very well be outside the statute of limitations and issues of laches and waiver may render it moot and not just frivolous.

Additionally, Georgia's Statute of Frauds prohibits Count I of Defendants' Counterclaim. *See* O.C.G.A. § 13-5-30 ("Obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him."); *see* O.C.G.A. § 31-5-30(5) ("Any agreement that is not to be performed within one year from the making thereof."); *see also Outsourcing P'ship, LLC v. Vinson*, 2006 U.S. Dist. LEXIS 54930 (N.D. Ga. Aug. 8, 2006) ("Mere entry into employment and performance of services for part of the term is not inconsistent with employment terminable at will without a contract; therefore, it is insufficient to remove the contract from the Statute of Frauds.").

Accordingly, Count I of Defendants' Counterclaim should be dismissed for failing to state a claim as Defendants failed to meet the pleading standard illustrated by Rule 9(b) as Defendants failed to specify when and where this alleged allegation took place and what, if anything, is documented about this, other a manufactured retaliatory cause of action

### B. Counterclaim Count II (Defamation) Should be Dismissed for Failing to State a Claim

Four elements are required for a defamation action in Georgia: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the "actionability of the statement irrespective of special harm." *No Witness, LLC v. Cumulus Media Partners, LLC*, 2007 U.S. Dist. LEXIS 83761, at *10 (N.D. Ga. Nov. 13, 2007) (citing *Mathis v. Cannon*, 573 S.E.2d 378, 380, 276 Ga. 16, 20-21 (2002). "Statements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned," however, are privileged under Georgia law. O.C.G.A. § 51-5-7(3). This includes communications "made in good faith by the injured person in the prosecution of an inquiry regarding a crime which he believes to have been committed upon his property." *Tetrault v. Shelton*, 179 Ga. App. 746, 347 S.E.2d 636, 639 (Ga. Ct. App. 1986) (emphasis omitted). "For the defense of qualified privilege to exist, it must be made: (1) in complete good faith; (2) with an interest to uphold; (3) by a statement properly limited in scope; (4) on a proper occasion; and (5) by publication to a proper person." *Smith v. Vencare, Inc.*, 238 Ga. App. 621, 519 S.E.2d 735, 741 (Ga. Ct. App. 1999) (emphasis omitted).

Here, the only statements Defendants allege Plaintiff made were concerning allegedly unlawful activity by Defendants, which Plaintiff allegedly made to State Department of Community Affairs, the regulatory agency authorized to investigate and prosecute such unlawful activity. Such a communication would fall squarely within the privileges provided by O.C.G.A. § 51-5-7(3).

Defendants' defamation claim fails because it is predicated on statements Plaintiff allegedly made to the State Department of Community Affairs, which do not qualify as "unprivileged communications to a third party." *See, e.g., Haezebrouck v. State Farm Mut. Auto. Ins. Co.*, 216 Ga. App. 809, 455 S.E.2d 842 (1995) (holding a report by a medical consultant to an insurance company to be privileged and beyond the scope of the defamation statute since, even assuming the report contained libelous matter, such disclosure was not the "publication of libelous matter.").

### C. Counterclaim Count III (Negligence & Gross Negligence) Should be Dismissed for Failing to Plead a Statutory or Common Law Duty Owed to Defendants

Under Georgia law, a negligence claim consists of four elements: "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of duty." *Purvis v. Healthcare*, 563 F. Supp. 3d 1360, 1366 (N.D. Ga. Sept. 27, 2021) (quoting

*Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565, 713 S.E.2d 835, 837 (Ga. 2011) (citations omitted)). Only a statute or a common law rule can give rise to a legal duty adequate to support negligence liability. *See Robinson v. Bird Rides, Inc.*, 2020 U.S. Dist. LEXIS 78618, at *4 (N.D. Ga. May 5, 2020) (citing *First Fed. Sav. Bank of Brunswick v. Fretthold*, 195 Ga. App. 482, 394 S.E.2d 128, 130 (Ga. Ct. App. 1990)).

Indeed, "[t]he threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." *Smith v. United States*, 873 F.3d 1348, 1352 (11th Cir. 2017) (quoting *City of Rome v. Jordan*, 263 Ga. 26, 426 S.E.2d 861, 862 (Ga. 1993)). "Whether a duty exists upon which liability can be based is a question of law." *City of Rome*, 426 S.E.2d at 862. "If a defendant owes no legal duty to the plaintiff, there is no cause of action in negligence." *See Strozier v. Herc Rentals, Inc.*, 2022 U.S. Dist. LEXIS 60420, at *7-8 (N.D. Ga. Mar. 31, 2022) (quoting *Dupree v. Keller Indus., Inc.*, 199 Ga. App. 138, 404 S.E.2d 291, 294 (Ga. Ct. App. 1991)). "A legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of our appellate courts." *See Heath v. ILG Techs., LLC*, 2020 U.S. Dist. LEXIS 219933, at *31 (N.D. Ga. Nov. 24, 2020) (citing *J.P. Morgan Chase Bank v. Durie*,

350 Ga. App. 769, 772, 830 S.E.2d 387 (2019). Indeed, the duty is the crux of any claim for negligence and failing to allege either a statutory or common law duty should result in dismissal. *Durie*, 350 Ga. App. at 772 (noting a motion to dismiss should be granted when a plaintiff fails to allege any cognizable statutory or common law duty).

Defendants' Counterclaim Count III does not identify a statutory or common law basis for their negligence claim. Defendants arbitrarily contend that performing one's job duties to the satisfaction of the employer is a duty for which breach of that duty is actionable under a theory of negligence. (ECF No. 32, ¶ 18). This is a slippery slope. Defendants wish to manufacture their own law and make every employee not meeting an employer's standards liable for negligence retroactively. The correct remedy is for an employer to terminate such an employee for failing to meet performance standards, not hold them financially accountable for alleged poor work-related performance. Defendants had more than eleven (11) years to evaluate Plaintiff's performance and take any adverse action in accordance thereof. Defendants failed to take any such action during the course of Plaintiff's employment.

Further, this cause of action conceptually runs afoul of the FLSA. Defendants, who controlled the terms of conditions of employment, allowed Plaintiff to be

employed and now want some degree of money retroactively due to the alleged quality of Plaintiff's work, which they controlled. Theoretically, if such a cause of action was to persist, employees in retrospect could become indentured servants, retroactively working for free. In fact, the Court knows as well as the Defendants, as the employer, it was Defendants' duty to either discipline or terminate an employee who was allegedly not performing up to their expectations, not post mortem assert there was an amorphous standard that the employee failed to satisfy and thus should be entitled to a refund from wages. Now, subsequent to Plaintiff's termination and in retaliatory fashion, Defendants wish to recover on frivolous claims

Accordingly, Defendants' Counterclaim Count III (Negligence & Gross Negligence) should be dismissed.

### D. Counterclaim Count IV (Tortious Interference with Contractual and Business Relations) Fails to State a Claim for Relief and Should be Dismissed

Defendants' Counterclaim Count IV fails to state a claim by making mere conclusory statements without factual allegations and fails to plead requisite facts with respect to damages to support their claim. To state a claim for tortious interference with business relationships, "a plaintiff must show [that] defendant: (1) acted improperly and without privilege, (2) acted purposely and with malice with intent to injure, (3) induced a third party or parties not to enter into or continue a

business relationship with the plaintiff, and (4) caused plaintiff financial injury." *See U-Tec Constr. V. Phoenix Loss Control, Inc.*, 2022 U.S. Dist. LEXIS 56137, at *10 (N.D. Ga. Mar. 28, 2022) (citing *Renden, Inc. v. Liberty Real Est. Ltd. P'ship III*, 213 Ga. App. 333, 444 S.E.2d 814, 817 (Ga. Ct. App. 1994)).

"[A] necessary element for a tortious interference with business relations claim is that the alleged tortfeasor be a third party or stranger to the employment relationship." *Peterson v. Shorter Univ., Inc.*, 2022 U.S. Dist. LEXIS 192090, at *13-14 (N.D. Ga. June 28, 20220) (quoting *Dong v. Shepeard Cmty. Blood Ctr.*, 240 Ga. App. 137, 522 S.E.2d 720, 722 (Ga. App. 1999). In *Barkley v. Stackpath, LLC*, the Court noted that a mere conclusory statement regarding an element of the tortious interference with employment standard is precisely the kind of allegation that *Iqbal* directs courts to ignore. *See* 2022 U.S. Dist. LEXIS 126017, at *11 (N.D. July 15, 2022).

Additionally, a claim for tortious interference fails to state a claim where the claimant fails to identify any lost clients or financial impact. *See USI Ins. Servs. LLC v. Se. Series of Lockton Companies, LLC*, 2021 WL 912258, at *6 (N.D. Ga. Mar. 10, 2021) ("[I]n the absence of [plaintiff] identifying a single client lost, [it] has failed to state a claim for tortious interference with business relations."); *AWP, Inc. v. Henry*, 2020 WL 6876299, at *9 (N.D. Ga. Oct. 28, 2020) (tortious interference

claim dismissed where Plaintiff "[did] not point to a single customer that ha[d] ended, or refused to enter into, a business relationship with it due to the [defendants'] alleged efforts" and plaintiff "[did] not allege[] that it ha[d] actually lost any business.").

Here, Defendants merely recite elements of a tortious interference claim in conclusory fashion. Specifically, Defendants allege "Plaintiff was a stranger to Defendants' contractual relationship with its staff, including Leslie Maczyk and Shanika Woods." (ECF No. 32, ¶ 24). Such conclusory statements, without more, should be disregarded (especially since they are inconsistent with Defendants' allegations that Plaintiff was their employee at the time) and, as such, Defendants fail to plead sufficient details to support a claim for tortious interference. Additionally, Defendants' Counterclaim is devoid of any allegations demonstrating they suffered any specific financial injury or that Plaintiff induced any identifiable third party to terminate their business relationship with Defendants. (ECF No. 32, ¶ 25).

Accordingly, Count IV of Defendants' Counterclaim should be dismissed for failing to state a claim.

### E. Counterclaim Count V (Over-Billing Defendants for Plaintiff's Work; Unjust Enrichment; Money Had and Received) Should be Dismissed

To establish an unjust enrichment claim under Georgia law, a claimant must show that "(1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust." *See Elder v. Reliance Worldwide Corp.*, 563 F. Supp. 3d 1221, 1233 (N.D. Ga. 2021). A plaintiff can only recover for money had and received where it appears the defendant received money belonging to the plaintiff which, in equity and good conscience, the defendants are not entitled to retain. *See id.* (citing *Cochran v. Ogletree*, 244 Ga. App. 537, 536 S.E.2d 194, 197 (2000)). Notably, "[i]t is axiomatic that equitable relief is only available where there is not adequate remedy at law." *WESI, LLC v. Compass Env't, Inc.*, 509 F. Supp. 2d 1353, 1362 (N.D. Ga. 2007) (quoting *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518-19 (11th Cir. 1994)).

Here, Plaintiff spent time performing compensable work during scheduled shifts. As a result, Defendants allege they are entitled to be reimbursed for overpayments to Plaintiff and for time and expense incurred correcting Plaintiff's alleged incorrect time and expense records. (ECF No. 32, ¶ 32). The time spent correcting Plaintiff's alleged incorrect time and expense records is not actionable nor should such a claim exist against an employee. Indeed, allowing an employer to

deduct pay auditing billing entries of an employee pay for time spent working would run contrary to the Fair Labor Standards Act. *See Brennan v. Heard*, 491 F.2d 1, 3-4 (5th Cir. 1974) ("Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions"), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988). Additionally, Defendants fail to provide any temporal scope of when the events occurred, and whether such events occurred within the applicable statute of limitation period.

Accordingly, Defendants' Counterclaim Count V should be dismissed for failing to state a claim upon which relief can be granted.

### F. Defendants Statute of Limitations Has Run on Counterclaim Counts I, III, IV and V and Should be Dismissed

Count I (Actual & Constructive Fraud) of Defendants' Counterclaim should be dismissed as the statute of limitation has run. Under Georgia law, a four-year statute of limitations applies to fraud claims. *See Curtis Inv. Co., LLC v. Bayerische Hypo-Und Vereinsbank* 341 F. App'x 487 (11th Cir. 2009) (citing Ga. Code. Ann. § 9-3-31); *see Shapiro v. S. Can Co.*, 185 Ga.App. 677, 365 S.E.2d 518, 519 (Ga. Ct. App. 1988) (statute of limitations for fraud with economic loss is the same as for the recovery of personal property). The limitation period begins to run at the time the

plaintiff sustains actual damages from the fraud. *See id.*; *Green v. White*, 229 Ga.App. 776, 494 S.E.2d 681, 685 (Ga. Ct. App. 1997). Similarly, Count III of Defendants' Counterclaim should be dismissed (negligence & gross negligence) as it carries a two-year statute of limitation, O.C.G.A. § 9-3-33, which accrues when "damage by a tortious act occurs." *Lewis v. Stewart*, 2018 WL 6046832, at *9 (M.D. Ga. Nov. 19, 2018). Additionally, Counterclaim Count IV (tortious interference) must "be brought within four years after the right of action accrues," O.C.G.A. § 9-3-31, which, under Georgia law, occurs when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof. *Wood v. Archbold Med. Ctr., Inc.*, 738 F. Supp. 2d 1298, 1370 (M.D. Ga. 2010). Finally, Counterclaim Count V (Over-Billing Defendants for Plaintiff's Work; Unjust Enrichment; Money Had and Received) must be brought within four years of when the cause of action accrues. O.C.G.A. § 9-3-2; *State Farm. Mut. Auto Ins. Co. v. Proactive Spine & Relief Ctr.*, 2020 U.S. Dist. LEXIS 188354, at *12 (N.D. Ga. Sept. 30, 2020).

Additionally, the limitation period on Defendants' Counterclaim I (Fraud) has not been tolled. "In order to toll the statute of limitation, the fraud 'must be such actual fraud as could not have been discovered by the exercise of ordinary diligence.'" *Davis v. Wells Fargo Home Mortg., Inc.*, 2010 U.S. Dist. LEXIS

156153, at *46-47 (N.D. Ga. July 29, 2010) (quoting *Anthony v. Am. Gen. Fin. Servs.*, 278 Ga. 448, 697 S.E.2d 166, 176 (2010) ("Thus, the four-year statute of limitations on claims of fraud . . ., and on claims of money had and received . . ., would not be tolled.") (citations omitted)).

Counterclaim Count I should be dismissed as the limitation period has run and the limitation period has not been tolled. Plaintiff was employed by Defendants as an hourly-paid, non-exempt healthcare worker from approximately July 2010 to approximately November 2021. (ECF No.16, ¶ 12). Assuming the truth of Defendants' allegations, they knew Plaintiff did not have a CNA license and could have easily discovery whether she was obtaining or had obtained such license during Plaintiff's eleven (11) years of employment. Indeed, Defendants could have discovered this information by conducting a free search on Georgia's certified nurse aide registry.

Counterclaim Count III (Negligence) should be dismissed as the limitation period has run on Defendants' alleged claims. Even assuming Defendants had an actionable negligence claim against Plaintiff for, in sum, poor work performance, such claim should have been asserted within four (4) years of Defendants' first negative performance evaluation of Plaintiff.

Counterclaim Count IV (Tortious Interference) and Count V should be dismissed as the limitation period for both claims has not been tolled and since run.

**G. Defendants' Counterclaims Should be Dismissed with Prejudice**

When a claimant files a shotgun pleading, the district court must give him/her one chance to replead before dismissing his/her case with prejudice on shotgun pleading grounds. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295-96 (11th Cir. 2018). The district court should explain how the pleading violated the shotgun rule so that the claimant can remedy the defect in their next pleading. *See id*. Additionally, the Eleventh Circuit holds that a "district court does not abuse its discretion in dismissing [a] case *with prejudice* on shotgun pleading grounds" when a claimant fails to remedy the defects in a complaint after fair notice and an opportunity to replead through an order for a more definite statement or similar order. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (emphasis added).

In *Cummings v. Mitchel*, the Eleventh Circuit determined whether a complaint may be dismissed with prejudice after the claimant fails to address defects identified by the court after a motion for more definite statement. *See* 2022 U.S. App. LEXIS 3036 (11th Cir. Feb. 2, 2022). The Eleventh Circuit noted that *Cummins* had received fair notice of the specific defects in her complaint, the district court provided her

with a meaningful chance to fix the defects, and that the district court did not abuse its discretion by dismissing her complaint with prejudice on shotgun pleading grounds because she failed to correct the identified defects. *Id.* at *9-10.

Further, district courts can deny leave to amend where such amendments will result in undue delay, bad faith, undue prejudice, *a repeated failure to cure deficiencies by amendments previously allowed*, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added); *see also Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment . . . fails to state a claim."); *Iqbal*, 556 U.S. 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires reviewing court to draw on its judicial experience and common sense.").

Here, the Court has already provided Defendants an opportunity to amend their counterclaims after determining their initial counterclaims were an impermissible shotgun pleading. The Court identified the material defects in Defendants counterclaim and provided guidance to Defendants – who are not proceeding *pro se* – on how to rectify such defects. Despite needing the Court to hold their hand, Defendants still fail to present a sufficient pleading. Specifically, Defendants fail to state a claim upon which relief can be granted.

Notably, Plaintiff's first Motion for More Definite Statement (ECF No.17) was mooted by Plaintiff's First Amended Complaint (ECF No. 16), which mooted Defendants Answer and Counterclaims (ECF No.15) to Plaintiff's Collective Action Complaint (ECF No. 1). Despite being on notice of the possibility their Counterclaims in response to Plaintiff's original Complaint were an impermissible shotgun pleading, Defendants re-asserted the exact same counterclaim allegations in their Answer (ECF No. 22) in response to Plaintiff's First Amended Complaint (ECF No. 16). Thereafter, Plaintiff filed another Motion for More Definitive Statement (ECF No. 25) which was ultimately granted by this Court. (ECF No.30). Then, Defendants filed their Amended Counterclaims (ECF No. 32) which fail to state a claim for relief. As such, Defendants had two opportunities to truly present their counterclaims (e.g., in response to Plaintiff's Amended Complaint and subsequent to the Court Ordering a More Definitive Statement).

Given Defendants were provided the opportunity to cure their defects of an impermissible shotgun pleading, and now fail to state a claim for relief, this Court should dismiss Defendants' Counterclaims with prejudice in their entirety.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims for Failure to State a Claim Upon which Relief Can Be

Granted should be granted and, as a result, Defendants' Amended Counterclaims should be dismissed.

Respectfully submitted,

Dated: November 17, 2022

**BROWN, LLC**

*/s/ Edmund Celiesius*
Edmund C. Celiesius (PHV)
Nicholas Conlon (PHV)
111 Town Square Place, Suite 400
T: (877) 561-0000
F: (855) 582-5297
Ed.celiesius@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*

Roger Orlando
**THE ORLANDO FIRM, P.C.**
315 West Ponce De Leon Ave
Suite 400
Decatur, Georgia 30030
T: (973) 898-0404
roger@orlandofirm.com

*Local Counsel for Plaintiff*

## FONT AND POINT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND INCORPORATED BRIEF was prepared using Time New Roman, 14-point font in accordance with LR 5.1(B).

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, I electronically filed the foregoing Plaintiff's Motion to Dismiss Defendants' Counterclaims with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorney(s) of record:

Kenneth I. Sokolov
Smith & Liss, LLC
Five Concourse Parkway
Suite 2600
Atlanta, GA 30328
TEL: 404-760-6000
FAX: 404-760-0225
ksokolov@smithliss.com
*Attorneys for Defendants*

*/s/ Edmund Celiesius*
Edmund C. Celiesius (PHV)