UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARGUERITE WOODY,** individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**COTTAGES ON MOUNTAIN CREEK, LLC, CREEKSIDE SERVICES, LLC, BRIGHT PATH GPS, LLC, and CAROL JANE REYNOLDS,**<br><br>Defendants. | Case No.: 22-cv-02047-MHC |

### PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT AND INCORPORATED BRIEF

Plaintiff, Marguerite Woody ("Plaintiff"), and Defendants, Cottages on Mountain Creek, LLC, Creekside Services, LLC, Bright Path GPS, LLC, and Carol Jane Reynolds (collectively, the "Defendants") (Plaintiff and Defendants collectively referred to as, the "Parties"), by and through their undersigned counsel, hereby move for approval of the Parties' Settlement Agreement.

### I.   INTRODUCTION

In this case, Plaintiff and Defendants jointly request that the Court enter an Order approving the Settlement Agreement reached between the parties in resolution of a *bona fide* dispute regarding the Plaintiff's claims for wages allegedly owed to

her under the Fair Labor Standards Act ("FLSA"). The Parties have carefully and exhaustively negotiated a settlement related to this action, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement submitted to the Court for review.

The Parties seek Court approval of their settlement agreement because the Eleventh Circuit has held that claims under the FLSA, like those settled and released by Plaintiff, may not be waived or released without Department of Labor or court approval. 29 U.S.C. § 216(b) and (c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

The Parties' settlement is a product of an arm's-length negotiation between the parties and their experienced counsel. The Parties respectfully submit that the terms of the settlement are fair, reasonable, and adequate, and they resolve a *bona fide* dispute between the parties with respect to liability and damages.

II.   **ARGUMENT**

   **A. <u>Court Approval of FLSA Settlements</u>**

FLSA claims may not be settled without approval of either the Secretary of Labor or a district court. *See Null v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013); 29 U.S.C. § 216(c). In determining whether a FLSA settlement should be approved, courts look the Eleventh Circuit's seminal opinion in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). "When

employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.[1] A court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute between the parties. *Id.* at 1354. ("If a settlement in an employee FLSA suite does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging a settlement of litigation."). Thus, a FLSA settlement should be approved when, as in this case, it is a fair and reasonable compromise reached as a result of contested litigation to resolve *bona fide* disputes between the parties.

### 1. The Proposed Settlement is the Product of Contested Litigation to Resolve *Bona Fide* Disputes

Plaintiff alleged that Defendants violated the FLSA because they failed to pay her and those similarly situated for all hours worked in excess of forty (40) hours

---

[1] The standard for approval of an FLSA settlement is lower than that for a FRCP Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *See, e.g., Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136 (D. Nev. 1999) ("The §216(b) requirement that plaintiffs consent to the suit serves essentially the same due process concerns that certification serves in a Rule 23 action."). Rule 23's fairness factors are, however, instructive and relevant. *See, e.g., Gamble v. Boyd Gaming Corp.*, 2017 WL 721244, at *4.

3

per workweek. Defendants deny Plaintiff's allegations and maintains that Plaintiff was compensated appropriately for all hours worked, was an independent contractor rather than an employee and, if an employee, exempt from the FLSA's overtime requirement. Additionally, Defendants filed counterclaims against Plaintiff. If Plaintiff's allegations were all proved and found to be correct, Defendants would be facing the prospect of a significant monetary verdict in favor of Plaintiff, as well as the obligation to pay their own litigation fees and costs and the litigation costs of Plaintiff's counsel.

Here, the $40,000.00 settlement amount is roughly sixty-seven percent (67%) of the back wages and liquidated damages the Plaintiff would stand to recover under a two-year limitation period. This is an excellent recovery given the risks she would face in further litigation, which includes establishing her hours worked over forty (40) hours in a workweek, coverage under the FLSA, overcoming emptions to the FLSA's overtime requirements, and demonstrating Defendants violation to be willful to avail herself to the FLSA's three-year limitations period. If Defendants ultimately prevailed as to the amount of hours worked and that the violation was not willful, Plaintiff would be faced with less recovered in back wages and liquidated damages.

Further, there is no question that the proposed settlement agreement is the product of contested litigation. In the Complaint, Plaintiff made detailed, factual

4

allegations describing Defendants' allegedly unlawful compensation practices. Defendants filed an answer including affirmative defenses and counterclaims against Plaintiff. The Parties conducted discovery, including Plaintiff taking the deposition of Defendant Carol Jane Reynolds, and attended a mediation before Daniel Klein of Klein Dispute Resolution.

Accordingly, the Court should conclude that the proposed settlement was the product of contested litigation.

### 2. The Settlement Reflects a Fair and Reasonable Resolution of the Parties' Claims and Defenses

The non-exhaustive list of factors courts typically consider in determining whether the Parties' Agreement is fair and reasonable include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see, e.g., Prieto v. Scheeler's Café De Marco, Inc.*, 2017 WL 359220, at *1 (M.D. Fla. Jan. 9, 2017) (citing *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014). Here, the Parties agree that application of these factors confirms that their proposed Settlement constitutes a fair and reasonable compromise of their *bona fide* disputes.

The Settlement in this lawsuit resulted only after conducting discovery and significant negotiations with a skilled mediator. Prior to the Settlement, the Parties, who at all times have been fully and adequately represented by counsel, had full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue. The arms-length negotiations be experienced counsel before a qualified mediator ultimately allowed the Parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution described above and set forth in the attached Settlement. Under these circumstances, a presumption of fairness should attach to the proposed Settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

Moreover, the Settlement provides meaningful relief to Plaintiff and eliminates the inherent risks both sides would bear if this complex litigation continued to resolution on the merits. *See Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) ("The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)). Many complex issues of fact and law remain unanswered and would have to be

resolved at, or before, trial. Any trial would be lengthy, costly, and complex. Regardless of the outcome at trial, post-judgment appeals would be inevitable. Accordingly, the complexity and prospective expense and duration of litigation weigh in favor of approving the Settlement.

As outlined above, the Parties disagree about the merits of Plaintiff's claims and the viability of Defendants' various defenses. If the litigation had continued, Plaintiff would have faced many obstacles. Additionally, although the range of potential recovery at trial could possibly have been greater, it is equally possible the potential recovery would have been less. Consequently, this Settlement provides a certainty of result and value now, as opposed to some later unspecified date. Thus, the Settlement avoids expenditures of resources for all Parties and the Court, and provides "significant benefit that [plaintiff] would not receive if the case proceeded – certain and prompt relief." *Barbosa v. Cargill Meat Sol. Corp.*, 297 F.R.D. 431, 446 (E.D. Cal. 2013).

## B. The Court Should Approve Plaintiff's Counsels Attorneys' Fees as Fair and Reasonable

The Court should approve Plaintiff's counsel attorneys' fees and costs in this action. The attorneys' fees and costs are not a percentage of Plaintiff's recover in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf. *See* 29 U.S.C. § 216(b); *Kreager v.*

*Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and her counsel separate and apart from the amounts sought by Plaintiff for her underlying claim, and were negotiated independently. *See* Settlement Agreement, § 1.B.

As Judge Presnell explained in *Bonetti v. Embarq Management Co.*, where a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, the parties first negotiated the $40,000 payments to Plaintiff, and then separately negotiated the payment of attorneys' fees and costs in the amount of $50,000. While Plaintiff respectfully submit that that this is sufficient for the Settlement Agreement to be approved as to fees and costs, *see e.g. Messan Nogbe v. Austell Rd. BP, Inc*., 2019 U.S. Dist. LEXIS 245224, at *4-5 (N.D. Ga. Nov. 22, 2019), they can, if directed by the Court provide further information pertinent to the reasonableness of the attorneys' fees and costs.

The compromise agreed upon by the Parties resolves all of Plaintiff's claims for attorneys' fees and Plaintiff has no responsibility to her counsel for any out-of-

8

pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiff was represented by competent counsel with experience in labor and employment law and Defendants have also been represented by experienced counsel. The Parties further advise the Court that their settlement agreement submitted herewith includes every term and condition of the Parties' settlement.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion for Approval of Settlement should be granted.

Respectfully submitted,

**BROWN, LLC**

Dated: July 5, 2023

*/s/ Edmund Celiesius*
Edmund C. Celiesius (PHV)
Nicholas Conlon (PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
ed.celiesius@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*

Roger Orlando, Esq.
Georgia Bar No. 554295
THE ORLANDO FIRM, P.C.
315 West Ponce De Leon Ave
Suite 400
Decatur, GA 30030
TEL: (973) 898-0404

9

roger@orlandofirm.com

*Local Counsel for Plaintiff*

## FONT AND POINT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

## CERTIFICATE OF SERVICE

I, Edmund C. Celiesius, Esq., hereby certify that on July 5, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Edmund Celiesius*
Edmund C. Celiesius (PHV)